IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALENTINE DELIBERTIS AND | : | CIVIL ACTION |
| KATHLEEN DELIBERTIS, H/W, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| POTTSTOWN HOSPITAL COMPANY, LLC, | : | |
| ET AL, | : | |
| Defendants. | : | NO.  14-6971 |

## MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                             September 6, 2016

       Defendant, Jonathan Buckley, M.D., has filed a Motion in Limine to preclude Plaintiff's expert, Kayur V. Patel, M.D., from introducing testimony or relevant portions of his report referencing medical literature into evidence at trial (Doc. No. 61).  Defendant, Pottstown Hospital Company, LLC has also moved for joinder regarding this motion (Doc. No. 66).

       Defendant argues that Plaintiff should not be permitted to introduce the portions of Dr. Patel's report referencing the medical literature as substantive evidence of the breach of the standard of care by Dr. Buckley.  However, as Defendant acknowledges, according to Federal Rule of Evidence 803(18), the following will not be excluded by the hearsay rule:

> **18) Statements in Learned Treatises, Periodicals, or Pamphlets.** A statement contained in a treatise, periodical, or pamphlet if:
> **(A)** the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and
> **(B)** the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.
>
> If admitted, the statement may be read into evidence but not received as an exhibit.

Fed. R. Evid. 803.

A medical expert is permitted to express opinions which are based in part upon reports of others, which are customarily relied upon in the practice of his profession.  See <u>Commonwealth v. Thomas</u>, 282 A.2d 693, 698 (1971).   Dr. Patel may testify as to his reliance upon treatises and use them to support his testimony.  While the court will not allow the treatises to be the focus of the examination, Dr. Patel can refer to the treatises on direct examination to explain the reasoning for his underlying opinion.  See <u>Aldridge v. Edmunds</u>, 750 A.2d 292, 297 (Pa. 2000).  Defendants are also able to cross-examine the expert regarding the treatises to determine whether his opinion is based upon trustworthy data.

       An appropriate order follows.