IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALENTINE DELIBERTIS AND | : | CIVIL ACTION |
| KATHLEEN DELIBERTIS, H/W, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| POTTSTOWN HOSPITAL COMPANY, LLC, | : | |
| ET AL, | : | |
| Defendants. | : | NO.  14-6971 |

### MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                          September 6, 2016

        Defendant, Pottstown Hospital Company, LLC, has filed a Motion in Limine to preclude Plaintiff's expert, Kayur V. Patel, M.D., from offering opinions on the EMTALA statute (Doc. No. 63).  Defendant, Jonathan Buckley, M.D. has also moved for joinder regarding this motion (Doc. No. 70).

        Defendant argues that Plaintiff's expert should be precluded from offering legal opinions on EMTALA because they are improper legal conclusions.  While Federal Rule of Evidence 704 permits a witness to express an opinion as to an ultimate issue that must be decided by the trier of fact, it does not allow an expert witness to testify as to conclusions of law.  Fed.R.Evid. 704(a).  Therefore, Dr. Patel is permitted to testify regarding his opinion even if his opinion "embraces an ultimate issue to be decided by the trier of fact," but may not render a legal opinion. Berckeley Inv. Group v. Cokitt, 455 F.3d 195, 217 (3d Cir. 2006) (citing United States v. Leo, 941 F.2d 181, 195-96 (3d Cir. 1991)).  However, Dr. Patel must not be permitted to testify as to the legal requirements of EMTALA.  See United States v. Leo, 941 F.2d at 96-97.  We recognize that expert testimony may be necessary to prove certain elements of an EMTALA claim, including whether the patient was demonstrating symptoms to require activation of the

hospital's protocol for a certain condition.  See Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 56 (1st Cir. 2010).   Dr. Patel is permitted to testify regarding his opinion as to whether Plaintiff had an emergency medical condition and regarding the symptoms he demonstrated.  Given that Dr. Patel is not an expert as to the legal requirements of EMTALA, he may not, however, testify as to the requirements of EMTALA or whether or not the hospital's screening violated EMTALA.  See Guzman v. Memorial Hermann Hosp. System, 637 F, Supp.2d 464, 477 (S.D. Tex. 2009).

       An appropriate order follows.