IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALENTINE DELIBERTIS AND | : | CIVIL ACTION |
| KATHLEEN DELIBERTIS, H/W, | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| POTTSTOWN HOSPITAL COMPANY, LLC, | : | |
| ET AL, | : | |
|     Defendants. | : | NO.  14-6971 |

**<u>MEMORANDUM AND ORDER</u>**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                      September 6, 2016

       Defendant, Jonathan Buckley, M.D., has filed a Motion in Limine to preclude opinions of Plaintiff's expert, Kayur V. Patel, M.D., claiming that Dr. Patel's opinions are improper and speculative.  Defendant, Pottstown Hospital Company, LLC has also moved for joinder regarding this motion.  Specifically, the defendant claims that Dr. Patel should be precluded from testifying as to what could have been done if Plaintiff had been admitted to the hospital during his first presentation to the emergency department.

       Defendant objects to Dr. Patel's statements that "Mr. Delibertis should have been admitted to the hospital, where further tests such as ultrasound of the carotid arteries in both sides of the neck and ECHO of the heart to look for emboli, could have been conducted."  Doc. No. 60 at 2.  Plaintiff also objects to Dr. Patel's statement: "[h]ad Plaintiff been admitted at the first ER presentation, he would have had all the resources when his TIA symptoms progressed to a CVA where he would have had an advantage of receiving a life-saving drug; TPA."  <u>Id.</u> (citing Patel's Report at 4,5).  In Dr. Patel's supplemental report, he reiterates these opinions and states that "Mr. Delibertis should have been admitted for observation and further testing."  <u>Id.</u> (citing Patel Supplemental Report at 2-3).

Defendant claims that any opinions about what "could have" or "would have" been done upon admission are speculative and beyond Dr. Patel's expertise. Doc. 60 at 3. However, Dr. Patel is the medical expert in this case, who is giving his opinion regarding the applicable standard of care for the emergency room physician and that the breach of that standard of care was the proximate cause of the harm suffered. We find that Dr. Patel must, therefore, be permitted to give his opinion as to why he believes that Plaintiff should have been admitted to the hospital and that the failure to admit Plaintiff violated the standard of care. To the extent that Dr. Patel's opinion that Plaintiff should have been admitted is based upon what testing could have been done or what resources would have been available, Dr. Patel must be free to explain his reasoning. Clearly, the testing and resources available upon admission are also relevant to causation of damages. Furthermore, given that Dr. Patel has experience in both emergency medicine and internal medicine, these opinions as to what tests could have been performed and what resources would have been available to the Plaintiff had he been admitted are not outside of his area of expertise.

An appropriate order follows.